# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6581 | **DATE** | 10/3/2001 |
| **CASE TITLE** | James Rankins vs. William Henderson | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: Defendant's Motion for Summary Judgment is granted. This case is dismissed in its entirety. All pending motions are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 0 3 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 24 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | date mailed notice | |
| WAP | courtroom deputy's initials | 01 OCT -3 PM 3: 04 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

FILED

OCT - 3 2001

Judge Harry D. Leinenweber
U. S. District Court


DOCKETED
OCT 3 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES RANKINS,

                Plaintiff,

    v.

WILLIAM HENDERSON, Postmaster
General of the United States
Postal Service,

                Defendant.

Case No. 99 C 6581

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

James Rankins, currently an employee of the United States
Postal Service, was removed from his job maintaining vehicles for
the Post Office O'Hare Mail Center, and was transferred to another
position. He brings this action based on Title VII of the Civil
Rights Act, 42 U.S.C. § 2000e, against his employer, alleging that
he was discriminated against based on his race, black, and gender,
male. He seeks $1 million in damages and also seeks promotion to
Manager of Transportation for the Post Office O'Hare Mail Center.
All Defendants other than Postmaster Henderson have been dismissed.
Before the court is Henderson's motion for summary judgment on the
remaining claims.

## BACKGROUND

As a preliminary matter, the court notes that Plaintiff filed
response materials one month after the set ruling date without

34

seeking leave of court. As a result, such materials are stricken pursuant to LR 78.3.

According to the Defendant's unrefuted Statement of Material Facts, Plaintiff was employed as a Vehicle Operations Maintenance Assistant ("VOMA") for the U.S. Post Office at O'Hare Airport when, on June 6, 1996, he received a written notice from his plant manager that his position was being abolished as of June 21 because there was no allotment for that position at O'Hare. Def. Ex. 3, 6; Def. R. 56.1 Stmt. 4. This was determined after management conducted production reports and learned that this position was not authorized. Def. Def. R. 56.1 Stmt. 4. Once the job was abolished, Plaintiff was placed in another job at the same rate of pay and with the same benefits as the VOMA position. Def. Def. R. 56.1 Stmt. 1, 5; Dep. 25.

Without submitting evidence to refute Defendant's Local Rule 56.1 Statement of Material Facts, Plaintiff responds that the position was not abolished. Instead, Plaintiff claims that Defendant removed him from the position so that the plant manager, Mel Hillier, could give the job to his golfing buddy, Jim Veltri, a white male. Plaintiff notes that he had previously outbid Veltri when they both bid on this job originally, because Plaintiff had more relevant seniority for the position.

However, Plaintiff has no evidence other than his own declarations to indicate that the VOMA position was not in fact

abolished at O'Hare. Furthermore, it is not insignificant that Plaintiff admits in his deposition that the VOMA position no longer exists, Dep. 76, thus contradicting his response. He repeatedly states that proof of the continuation of the position would be verified by "clock rings" (time cards) and pay stubs. Def. Ex. 2, Pl. Dep. 21-22; Pl.'s Answers to Interrogatories 4; Pl. Facts 1. Defendant, contrary to Plaintiff's assertions, submits letters showing that they did supply Plaintiff with time cards. Although these time cards were from 1997, and not for the period June - December 1996, they nevertheless indicate, according to the declaration of Garcia Carter, that Plaintiff was the only one who had VOMA clock rings. Thus, the only evidence submitted on the issue of the clock rings, is unrefuted by any evidence from Plaintiff.

During the second half of 1996, Plaintiff was out on sick leave according to his own statements. Thus, any division of the labor for the abolished VOMA job would necessarily not include any part being assigned to him during that time. Defendant explains that with the abolition of the job was the concomitant division of the job duties to the remaining employees. Such duties that were not transferred out of the O'Hare site necessarily had to be covered by others during the time that Plaintiff was on sick leave. Defendant explains that division of job duties among remaining staff is appropriate when a person, as in Plaintiff's case, is off

on sick leave for an extended period.  Further, division of remaining non-transferred job duties when a position is abolished, so that the remaining staff picks up parts of the former job that were not transferred out of O'Hare, is an indication that the job was abolished, not that it remained.  The fact that Plaintiff was basically not working during July - November of 1996 means that he could not have been assigned any part of what may have remained of his former job at that time.

Defendant's Rule 56.1 Statement indicates that the VOMA position was abolished after a review of all job positions at the O'Hare operation.  Def. R. 56.1 Stmt. 4.  Defendant supports this assertion with the sworn statement of Michael Nappi, who was plant manager of the O'Hare Post Office at the relevant time.  Def. Ex. 6.  He stated that Plaintiff's VOMA position was one of many craft positions identified as not being authorized; that the union and the Plaintiff were notified in advance of the abolition of the position; that these changes were a result of a "staffing index" in preparation for an automation program; and that the changes were "necessary to adjust the work force."  The responsibilities of that job were divided among other job assignments, and the vehicle repair and maintenance operation was relocated to the "Chicago Cluster," leaving no VOMA position at the O'Hare location. Further, according to the sworn statement of Gracia Carter, a paralegal at the Post Office Law Department, the only person who

clocked in for the VOMA position was Plaintiff. Def. Ex. 12.
Defendant asserts that no one, including Jim Veltri, succeeded
Plaintiff in that position once it was abolished. Def. Def.
R. 56.1 Stmt. 4.

In Plaintiff's response to Defendant's Rule 56.1 Statement, he
adds many allegations not present in the original complaint. He
complains that the elimination of VOMA is a bad business decision
and about the firing of another employee, James Teague. Plaintiff
also complains that he did not get training in 1991; that
management failed to properly notify the union prior to the
abolition of the VOMA; and that the two weeks notice given to him
by the Post Office was illegal. These claims are not included in
the complaint and are therefore stricken as unresponsive to
Defendant's statement of material facts. An examination of
Plaintiff's response reveals that he fails to refute the
Defendant's evidence showing that the VOMA position was abolished
and that he fails to refute the fact that his new job had the same
pay and benefits as the VOMA position. Def. R. 56.1 Stmt. 1, 5;
Def. Ex. 2; Pl. Dep. 25.

## SUMMARY JUDGMENT STANDARD

Summary judgment will be granted when there is no genuine
issue of material fact and the moving party is entitled to judgment
as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v.
Catrett*, 477 U.S. 317, 322 (1986); *O'Connor v. DePaul Univ.*, 123

F.3d 665, 669 (7th Cir. 1997). In weighing a motion for summary judgment, the court must take the facts in the light most favorable to the party opposing the motion and draw all reasonable inferences in that party's favor. *Bahl v. Royal Indemnity Co.*, 115 F.3d 1283, 1289 (7th Cir. 1997).

The party opposing the motion must present evidence of a triable issue of material fact. *See Vance v. Peters*, 97 F.3d 987, 990 (7th Cir. 1996), *cert. denied*, 117 S. Ct. 1822 (1997). The non-moving party is required to go beyond the pleadings and designate specific facts showing a genuine issue for trial. *Bank-Leumi Le-Israel, B.M. v. Lee*, 928 F. 2d 232, 236 (7th Cir. 1991). A fact is material when it would determine the outcome under the governing law. *Whetstine v. Gate Rubber Co.*, 895 F.2d 388, 392 (7th Cir. 1990). A material fact is genuinely in dispute when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court now reviews the facts presented in this case with the standards set forth for summary judgment. If there is a genuine dispute of a material fact, then summary judgment will be denied.

## DISCUSSION

Although the narrative portion of Plaintiff's complaint alleges only race and gender discrimination, and he checked the boxes for national origin, age, color, and religion in addition to

gender and race. Rankins states in his deposition that he no longer maintains a gender discrimination claim. Rankins Dep. 64, 128. As Plaintiff presents no allegations and no evidence to support any of these other claims in his complaint, all claims other than race are dismissed.

Under Title VII, the *McDonnell Douglas* burden-shifting analysis offers a framework for establishing discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Stockett v. Muncie Ind. Transit Sys.*, 221 F.3d 997, 1000(7th Cir. 2000). A plaintiff must first set forth a *prima facie* case of discrimination, after which the burden shifts to the employer to offer legitimate nondiscriminatory reasons for the termination. *See Paluck v. Gooding Rubber Co.*, 221 F.3d 1003, 1009 (7th Cir. 2000). In order to prevail, then the Plaintiff must rebut the employer's legitimate reason by proving that it is merely a pretext for discrimination. *Id.*

### Plaintiff Fails to Establish a *Prima Facie* Case of Racial Discrimination

Because Plaintiff does not assert any direct discrimination, he must set forth a *prima facie* case: he must first establish that he is a member of a protected class; he was meeting his employer's legitimate performance expectations; he suffered an adverse employment action; and he was treated less favorably than similarly situated white males. *See Simson v. Borg-Warner Automotive Inc.,*

196 F.3d 873, 876 (7th Cir. 1999); *Logan v. Caterpillar Inc.*, 246 F.3d 912 (7th Cir. 2001). While Plaintiff clearly meets the first two requirements (he is black and has a good work record), he does not meet the second two.

Although an adverse employment action "is defined quite broadly in this circuit," not everything that makes an employee unhappy can form the basis of a federal discrimination suit. *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996). Rather, the action must cause an adverse change in the terms and conditions of employment that is more disruptive than a mere inconvenience or alteration of job responsibilities. *Crady v. Liberty Nat'l. Bank & Trust Co. of Ind.*, 993 F.2d 132, 136 (7th Cir. 1993). Thus, the lateral transfer of an employee who retains the same salary and benefits is not, without more, sufficient to constitute an adverse employment action. *Tyler v. Ispat Inland Inc.*, 245 F.3d 969, 972 (7th Cir. 2001).

The undisputed evidence shows that Defendant eliminated Plaintiff's position and transferred him to a job with very similar duties. Plaintiff states that the VOMA job involved "more prestige" and was "more impressionable"[sic], but he admits that his pay and benefits remained the same in his new position. Def. Ex. 2, Pl. Dep. 25. As a result, he has failed to show that he suffered an adverse employment action.

Finally, he has failed to submit any evidence to support his allegation that he was treated less favorably than white males. His complaint states only that Veltri was put in his VOMA position. He has failed to show that the position existed at all after June 1996, and he has failed to show that Veltri was treated better. In fact, Plaintiff himself previously outbid Veltri for the ramp clerk position. There is no subsequent evidence submitted by Plaintiff that Veltri or anyone else actually worked as a VOMA after the June abolition of the job. Despite his claim that the clock rings support his claim, the court notes that according to Defendant's evidence, no clock rings existed prior to 1997, and all the existing clock rings belong to Plaintiff. If someone else had been in the VOMA position, this would be inconsistent with the fact that only Plaintiff had clock rings for the position.

Finally, whether there are or are not clock rings for the June - December 1996 time period is not a material fact in this case. It is not the clock rings that are at issue, but rather whether or not the VOMA position existed after the June notification letter. Plaintiff also mentioned pay stubs as being evidence of his position but never presented this or any other corroborating evidence in support of his claim.

The court carefully reviewed all of the declarations submitted by Plaintiff. The only two declarations by individuals other than Plaintiff do not state that the VOMA position still existed or that

Veltri was put in that position. A declaration from a union steward, Saunders Jones, states that management did not justify this decision and that the action against Plaintiff violates the union agreement and the Fair Labor Standards Act. This does not contradict the Defendant's evidence regarding the abolition of the position or the reasons therefor. The signature renders unclear to whom the second declaration belongs, but it is either Augustine or Higgins or both. Nevertheless, the declaration states that on June 7, 1996, the VOMA position was taken over by Central Garage and Higgens Lube, a statement that actually supports Defendant's position. Finally, additional declarations from Plaintiff reassert his claims already made in his complaint and response. Several of his declarations address issues that were either not raised in the complaint or are irrelevant to his claim.

### Defendant Articulates a Legitimate Nondiscriminatory Reason for Abolition of Position

Further, Defendant submits evidence of a legitimate nondiscriminatory reason for the abolition of the VOMA position which Plaintiff fails to contradict. The VOMA position was a maintenance and repair job for Post Office trucks and other vehicles. Defendant eventually moved this operation to a different location in Chicago and out of O'Hare, thereby closing the position at O'Hare. Plaintiff has not shown any evidence that the VOMA position continued at the O'Hare site subsequent to his written notification that it was being abolished. In light of Plaintiff's

failure to submit any such evidence, he fails to show that the Defendant's reason for abolishing the job was a pretext for discrimination.

## CONCLUSION

Accordingly, Defendant's Motion for Summary Judgment is granted. This case is dismissed in its entirety. All pending motions are denied as moot.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: *October 3, 2001*